UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON FIELDS, | No. 2:17-cv-1068 AC P |
| Plaintiff, | |
| v. | ORDER |
| E.F. CASTRILLO, | |
| Defendant. | |

Plaintiff is a state prisoner, presently incarcerated at California State Prison Sacramento (CSP-SAC), who proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant answered the complaint on December 20, 2017, and the court issued a Discovery and Scheduling Order on December 28, 2017. This order addresses several documents since filed by plaintiff.

First, plaintiff filed a motion seeking to commence discovery, schedule a status conference, and schedule a settlement conference. See ECF No. 21. The motion will be denied for the following reasons. The motion was signed by plaintiff on December 27, 2017, and thus prepared prior to plaintiff's receipt of the court's Discovery and Scheduling Order; it is moot as to plaintiff's request to commence discovery and to set deadlines for discovery and dispositive motions. Moreover, the court does not routinely set status conferences in prisoner cases. Should plaintiff wish to pursue settlement in this action, he should so inform defendant's counsel. If both parties agree that a settlement conference may be helpful in resolving this case, they should file a

1

joint stipulation requesting that the court schedule such conference.

Second, plaintiff requests the appointment of counsel. See ECF No. 22; see also ECF No. 24 at 2; ECF No. 25 at 1. Plaintiff is informed that district courts do not have authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Only in certain exceptional circumstances may a district court request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Exceptional circumstances include plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved and plaintiff's likelihood of success on the merits of his claims. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish the requisite exceptional circumstances warranting appointment of counsel. The burden of demonstrating exceptional circumstances is on plaintiff. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

In the present case, the court does not find exceptional circumstances supporting appointment of counsel at this time. Although plaintiff has a reasonable likelihood of succeeding on the merits of his Eighth Amendment claim in this case, the pertinent facts and legal issues are not particularly complex and have been adequately presented by plaintiff. This action proceeds against one defendant on plaintiff's allegations that defendant had responsibility to maintain sanitation of the yard restroom at the California Medical Facility, but failed to do, resulting in physical injury to plaintiff. See ECF No. 9 at 3-4 (screening order). The court has informed plaintiff of the applicable legal standards for pursuing this claim. See id. These standards should be considered by plaintiff in identifying evidence that supports his claim and formulating appropriate discovery requests.[1] Moreover, plaintiff's request for appointment is premised on

---

[1] Plaintiff's discovery requests may include the following: (1) requests for admission (yes-or-no statements of fact) directed to each defendant, see Fed. R. Civ. P. 36; (2) up to twenty-five interrogatories (questions) directed to each defendant, see Fed. R. Civ. P. 33; and (3) requests for copies of documents, electronically stored information, or other tangible evidence directed to each defendant, see Fed. R. Civ. P. 34.

2

factors shared by most prisoners: financial inability to retain counsel, practical limitations due to imprisonment, inexperience in litigation, and an anticipated trial requiring adequate presentation of evidence and cross-examination of opposing witnesses. See ECF No. 22. None of these factors support appointment of counsel at the present time.

Third, plaintiff complains of difficulties in accessing the CSP-SAC prison law library, obtaining copies of his legal materials, and having access to pen and paper. See ECF Nos. 24, 25. It is not the role of this court to micromanage the availability of the prison law library or a prisoner's access to legal copies or supplies. For this reason, plaintiff's motion will be denied. However, plaintiff may request an extension of any particular deadline if delays accessing the prison library interfere with his ability to meet that deadline.

Finally, plaintiff is informed that his reply, ECF No. 23, to defendant's answer to the First Amended Complaint is not a pleading authorized by the Federal Rules of Civil Procedure or the Local Rules. The reply will therefore be ignored. If the reply contains evidence and/or arguments that plaintiff believes are essential to the merits of this action, this information should be provided in an authorized form at an appropriate time, e.g., in a motion for, or opposition to, a motion for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion concerning discovery, scheduling and setting a settlement conference, ECF No. 21, is denied.

2. Plaintiff's motion for appointment of counsel, ECF No. 22, is denied without prejudice.

3. Plaintiff's requests for the court's assistance concerning access to the prison law library, legal copies and writing materials, ECF Nos. 24, 25, are denied.

DATED: March 7, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE