UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON FIELDS,<br><br>           Plaintiff,<br><br>    v.<br><br>E.F. CASTRILLO,<br><br>           Defendant. | No. 2:17-cv-1068 AC P<br><br><u>ORDER SETTING SETTLEMENT CONFERENCE</u> |

      Plaintiff is a state prisoner at California State Prison Sacramento (CSP-SAC) proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to this order, a settlement conference is scheduled in this case on October 11, 2018.

      This action proceeds on plaintiff's Eighth Amendment claim that sole defendant E.F. Castrillo failed to maintain sanitary conditions in the yard restrooms at the California Medical Facility (CMF) during plaintiff's prior incarceration there. As found by the court upon screening plaintiff's First Amended Complaint (FAC) pursuant to 28 U.S.C. § 1915A:

> The FAC alleges that during plaintiff's 45-day incarceration at CMF, the restrooms on the yard were extremely unsanitary, with unclean toilets, sinks and towels, and no toilet paper or soap. Plaintiff alleges that, as a result of using these restrooms, he contracted a persistent infection and rashes, as demonstrated by the granting of his subject administrative grievance at the first level. Plaintiff has filed this action against sole defendant E.F. Castrillo, CMF/DSH Senior Medical Technical Assistant, who was allegedly "in charge of the upkeep of the facility yet failed to provide plaintiff with the basic necessities" despite having "full knowledge of the unsanitary living

1

conditions." ECF No. 7 at 3. Plaintiff seeks declaratory relief and damages, id. at 6; his request for injunctive relief is mooted by plaintiff's transfer to CSP-COR [California State Prison Corcoran].

ECF No. 9 at 3. Discovery closed in this action on May 25, 2018.

Due to the narrow scope of plaintiff's claim and his stated interest in settling this case, see ECF No. 21 at 1-2; ECF No. 36 at 2, the court has determined that a settlement conference should be convened. Therefore, this case is referred to United States Magistrate Judge Kendall J. Newman to conduct a settlement conference at the United States District Court, 501 I Street, Sacramento, California 95814, in Courtroom #25, on October 11, 2018 at 9:00 a.m.

A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order, to provide for plaintiff's presence at the settlement conference.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before United States Magistrate Judge Kendall J. Newman on October 11, 2018, at 9:00 a.m., at the United States District Court, 501 I Street, Sacramento, California 95814, in Courtroom #25.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendant's behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

4. The parties are directed to exchange non-confidential settlement statements seven days prior to the settlement conference. These statements shall simultaneously be delivered to the court using the following email address: kjnorders@caed.uscourts.gov. Plaintiff shall mail his non-confidential settlement statement Attn: Magistrate Judge Kendall J. Newman, USDC CAED, 501 I Street, Suite 4-200, Sacramento, CA 95814 so that it arrives at least seven (7) days prior to the settlement conference. The envelope shall be marked "SETTLEMENT STATEMENT." The date and time of the settlement conference shall be prominently indicated on the settlement statement. If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

5. Judge Newman or another representative from the court will be contacting the parties either by telephone or in person, approximately two weeks prior to the settlement conference, to ascertain each party's expectations of the settlement conference.

IT IS SO ORDERED.

DATED: June 20, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE